**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 14-2090**
_____

DUNG DUC NGUYEN,

                    Petitioner,

          v.

ERIC H. HOLDER, JR., Attorney General,

                    Respondent.

_____

On Petition for Review of an Order of the Board of Immigration Appeals.

_____

Submitted:  February 9, 2015          Decided:  February 19, 2015

_____

Before MOTZ, SHEDD, and THACKER, Circuit Judges.

_____

Petition denied by unpublished per curiam opinion.

_____

Dung Duc Nguyen, Petitioner Pro Se.  Lori B. Warlick, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Dung Duc Nguyen, a native and citizen of Vietnam, petitions for review of an order of the Board of Immigration Appeals ("Board") dismissing his appeal from the immigration judge's ("IJ") order denying his applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). Nguyen challenges the findings that: (1) the asylum application was not timely filed and he did not show that an exception should be made in his circumstance; (2) there were serious reasons to believe he committed a serious nonpolitical crime in Vietnam; (3) his testimony was not credible; and (4) he did not meet his burden of proof showing that he should be granted deferral of removal under the CAT. We deny the petition for review.

Under 8 U.S.C. § 1158(a)(3) (2012), the Attorney General's decision regarding whether an alien has complied with the one-year time limit for filing an application for asylum or established changed or extraordinary circumstances justifying waiver of that time limit is not reviewable by any court. See Gomis v. Holder, 571 F.3d 353, 358-59 (4th Cir. 2009). Although 8 U.S.C. § 1252(a)(2)(D) (2012) provides that nothing in § 1252(a)(2)(B), (C), "or in any other provision of this chapter . . . which limits or eliminates judicial review, shall be construed as precluding review of constitutional claims or

questions of law," we have held that the question of whether an asylum application is untimely or whether the changed or extraordinary circumstances exception applies "is a *discretionary determination* based on factual circumstances." Gomis, 571 F.3d at 358. Accordingly, "absent a colorable constitutional claim or question of law, our review of the issue is not authorized by § 1252(a)(2)(D)." Id. Because Nguyen does not raise a constitutional claim or a question of law, we are without jurisdiction to consider the finding that Nguyen's asylum application was untimely and he did not establish changed or extraordinary circumstances justifying tolling of the one-year time limit.

We conclude that substantial evidence supports the finding that "there are serious reasons to believe that [Nguyen] committed a serious nonpolitical crime outside the United States before [he] arrived in the United States." 8 U.S.C. § 1231(b)(3)(B)(iii) (2012); see also Djadjou v. Holder, 662 F.3d 265, 273 (4th Cir. 2011) (factual findings are reviewed for substantial evidence). Accordingly, Nguyen is not eligible for withholding from removal or protection under the CAT. See 8 U.S.C. § 1231(b)(3)(B)(iii); 8 C.F.R. § 1208.16(d)(2) (2014). However, while Nguyen remains eligible for deferral of removal under the CAT, we also conclude that substantial evidence supports the adverse credibility finding and the finding that

3

Nguyen failed to show that it was more likely than not that he will be tortured if he returns to Vietnam. See 8 C.F.R. § 1208.16(c)(2) (2014).

Accordingly, while we grant Nguyen's motion for leave to proceed in forma pauperis, we deny the petition for review, and deny Nguyen's motion for appointment of counsel. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

PETITION DENIED